PHILLIP A. TALBERT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | 2:20-MC-00314-TLN-DB |
|---|---|
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $37,000.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On July 24, 2020, inspectors with the United States Postal Inspection Service ("USPIS") seized Approximately $37,000.00 in U.S. Currency (hereafter "defendant currency") during a parcel interdiction at the Processing and Distribution Center located in West Sacramento, California.

2. USPIS commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others.  On or about September 25, 2020, USPIS received a claim from Kera Barber ("Barber" or "claimant") asserting an ownership interest in the defendant currency.

3. For the purposes of this settlement only, claimant does not contest the United States' representation that it could show at forfeiture trial that on July 24, 2020, USPIS conducted a parcel interdiction at the Processing and Distribution Center located at 3775 Industrial Boulevard, West

Sacramento, California.  During the interdiction, law enforcement officials identified a parcel that bore markers consistent with parcels used for shipping contraband.  The Priority Mail Express parcel # EG 655656305 US was addressed to Kera Lynn Barber ("Barber") at 217 Washington St, Grass Valley, California, with the following return address: Joe Alston ("Alston") at 2115 E NC 54th, Durham, NC 27713.

4. For the purposes of this settlement only, claimant does not contest the United States' representation that it could further show at a forfeiture trial that the parcel was presented to a drug detection dog, who positively alerted to the presence of the odor of narcotics.

5. For the purposes of this settlement only, claimant does not contest the United States' representation that it could further show at a forfeiture trial that on July 24, 2020, Inspectors used a law enforcement database to search for the sender's name and address that appeared on the Priority Mail Express label # EG 655656305 US.  Inspectors were unable to find Joe Alston associated with the sending address.  Inspectors stated that the 2115 E NC 54th, Durham, NC 27713 address is an Arby's restaurant.  Inspectors searched law enforcement public record databases and were able to identify Kera Barber as a resident at the recipient address, 217 Washington St, Grass Valley, California.  On July 24, 2020, Inspectors obtained consent from Barber, the intended recipient, to open Priority Mail Express parcel # EG 655656305 US.  Inside the parcel was another smaller box wrapped in paper.  The smaller box contained a plastic bag with aluminum foil wrapped around the bag.  The plastic bag contained US currency including a white envelope with additional US currency.  Additionally, the parcel did not contain any notes, instructions, or receipts.  A later bank count of the cash seized from the parcel totaled $37,000.00.  The currency consisted entirely of $20 bills.

6. For the purposes of this settlement only, claimant does not contest the United States' representation that it could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

7. Without admitting the truth of the factual assertions contained in this stipulation, Barber, specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, Barber agrees that an adequate factual basis exists to support forfeiture of the defendant currency.  Barber hereby acknowledges that she is the sole owner of the defendant currency, and that no

other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, claimant shall hold harmless and indemnify the United States, as set forth below.

8. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

9. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

10. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. Upon entry of this Consent Judgment of Forfeiture, $20,000.00 of the Approximately $37,000.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

3. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $17,000.00 of the Approximately $37,00.00 in U.S. Currency are to be transferred to the client trust account of Claimant's attorney Jacek W. Lentz.

4. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. Barber waived the provisions of California Civil Code § 1542.

5. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of

Evidence.

6. All parties will bear their own costs and attorney's fees.

7. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED.

DATED: April 6, 2022

Troy L. Nunley
United States District Judge